SARAH M. EOFF, Plaintiff in Error, v. CORNELIUS TOMP-KINS et al., Defendants in Error.

### June 19, 1876.

1. A devisee cannot maintain ejectment against a tenant of the executor, under a leasing order of the Probate Court, while the estate remains unsettled.

2. A man may freely dispose of his property while he lives, but at his death the law takes it in charge, and subjects his testamentary dispositions to the prior claims of creditors.

3. Rents collected by an executor or administrator are assets of the estate.

ERROR to St. Louis Circuit Court.

*Affirmed.*

*John Burke,* for plaintiff in error, cited : 38 Mo. 489 ; 52 Mo. 118, 119 ; 11 How. Pr. 11 ; Burdyne *v.* Mackey, Exr., 7 M. R. P. 374 ; Aubuchon *v.* Lory, 23 Mo. 99 ; Chamber's Admr. *v.* Wright's Heirs, 40 Mo. 482 ; Bagnall *et al.,* 13 Pet. 447 ; State *v.* Metzger, 26 Mo. 95 ; 43 Mo. 196 ; 45 Mo. 289 ; Hall's Heirs *v.* Hall, 47 Ala. 290.

*Farish & Griffin,* for defendants in error.

LEWIS, J., delivered the opinion of the court.

Plaintiff, as devisee under the will of Catherine D. Long, deceased, instituted this suit in ejectment to recover possession of a lot occupied by defendant Tompkins, as tenant under Isaac Bushell, the executor, who was subsequently made a party defendant. It appeared from the pleadings and evidence that the estate of the testatrix was still unsettled ; that a large claim was in suit against it, which, if sustained, would render the estate insolvent ; and that the

executor had leased the real estate under an order of the Probate Court. It also appeared that the lot in controversy was bequeathed to plaintiff by the testatrix. Upon this. state of facts the court, sitting as a jury, rendered judgment for the defendants. This judgment was affirmed in general term, and the cause is brought here by writ of error.

In the case of *Gamage* v. *Bushell*, decided by this court at. the present term, the attempt was made, by another devisee under the same will here before us, to recover from the executor the amount of rents received by him from the property devised to the plaintiff. The testimony, so far as it affected the chief matter of controversy, was substantially the same as in the present case. It was held that the devisee had no claim upon the rents and profits of the land so long as the estate remained unsettled, with an indebtedness, real or supposed, still hanging over it, and no order yet made by the Probate Court for a delivery of the real estate, by the executor, to the parties entitled thereto. The principles declared in that decision are conclusive of the present controversy.

So long as a man lives, he may dispose of his property as he pleases, being subject only to such restrictions as creditors or others may impose by specific methods which the law prescribes; but when he dies the law takes it all in charge, and systematically enforces the claims of justice before those of generosity. Our statutes provide for the absolute sale of a decedent's real estate to pay his debts, notwithstanding any different disposition he may have sought to make by last will or testament. They direct (Wag. Stat. 89, sec. 48) that "executors and administrators, under the direction of the court, shall lease the real estate for any term not more than two years, and shall receive and recover rents." Such an authority for leasing is manifestly incompatible with any claim of an heir or devisee to immediate possession. The order may be made and repeated at any time during the progress of administra-

tion.    The rents so collected are necessarily assets in the hands of the executor or administrator, as is shown in the case of *Gamage* v. *Bushell*, above referred to.    The next section provides that, "whenever the court shall be satisfied that any real estate need not be sold or leased for the payment of debts of the estate, the executor or administrator shall be ordered to deliver possession of the same to those entitled to it." If any person prospectively entitled to the real estate may lawfully obtain possession before any such conditions shall become apparent, or any such order shall be made, then the provision last quoted is a mere waste of words.    The manifest intent is that the real estate, after an order for leasing, shall remain in the hands of the executor or administrator, or his tenants, until the specified contingency shall arise which is to authorize a change of possession.

We find no substantial error in the record, and must affirm the judgment.    Judge GANTT concurs; Judge BAKEWELL, of counsel in the court below, not sitting.